UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVY SANDERSON,

       Plaintiff,                          Case No. 1:16-CV-220

v.

                                        HON. ELLEN S. CARMODY

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
                                        /

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 12.)

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo*

review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was thirty-nine years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.90, 103.) She obtained two years of college education, and was previously employed as a claim examiner in healthcare, as a customer service representative in healthcare, doing work in hospital admissions and patient registration, as a medical secretary, and as a benefits

2

clerk. (PageID.82–84, 227.) Plaintiff applied for benefits on November 7, 2013, alleging disability beginning August 1, 2013, due to pain while sitting and standing, chronic back pain due to herniated discs, post laminectomy syndrome, degenerative disc disease, depression, bipolar affective disorder, arthritis, panic attacks, diabetes, anxiety attacks, insomnia, and hepatitis. (PageID.90–91, 198–99.) Plaintiff's application was denied on January 21, 2014, after which time she requested a hearing before an ALJ. (PageID.125–128, 132–133.) Shortly thereafter, on February 24, 2014, Plaintiff amended her onset date to June 21, 2012. (PageID.200.) On March 2, 2015, Plaintiff appeared with her counsel before ALJ Susan Torres for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.65–88.) In a written decision dated April 9, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.103–123.) On January 6, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.41–44.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

**ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d);

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered

3

any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*. 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (noting that the ALJ determines RFC at step four, at which point the claimant bears the burden of proof).

ALJ Torres determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 21, 2012, the amended alleged onset date. (PageID.108.) At step two, the ALJ determined Plaintiff had the severe impairments of lumbar disc disease status post multiple surgeries, obesity, diabetes mellitus, affective disorder, and anxiety disorder. (PageID.108–109.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of any listing in the Listing of Impairments. (PageID.109–111.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments, to perform:

---

to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

> sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: the claimant is limited to no more than occasional climbing of ramps and stairs. She must never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. The claimant must avoid concentrated exposure to extreme cold, vibration, and hazards such as heights and moving machinery. She can understand, remember, and carry out simple instructions.

(PageID.111.) Continuing with the fourth step, the ALJ found that Plaintiff was unable to perform any of her past relevant work. (PageID.117.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform other work as a order clerk in food and beverage (550,000 national positions), telephone quotation clerk (850,000 national positions), and as a charge account clerk (600,000 national positions). (PageID.84–87.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.117–118.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from June 21, 2012, through April 9, 2015, the date of decision. (PageID.118.)

## DISCUSSION

### 1. The ALJ's Evaluation of the Medical Opinion Evidence.

On March 31, 2014, Dr. Ashley Conner, M.D., Plaintiff's treating physician, offered an opinion regarding Plaintiff's limitations. The doctor noted that Plaintiff had been diagnosed with degenerative disc disease with radicular symptoms down both of her legs and found that these impairments limited Plaintiff to an extent greater than as found by the ALJ. (PageID.700.) For example, the doctor stated that Plaintiff could only stand or walk for less than two hours during a

5

workday, and sit for less than six. (PageID.700.) Plaintiff could occasionally lift ten pound weights, and never lift heavier weights. She could not climb ramps, stairs, ladders, ropes, or scaffolds, and could furthermore never balance, stoop, kneel, crouch, or crawl. Plaintiff could only occasionally reach, handle, and finger. (PageID.700.)

Dr. Conner also found that Plaintiff required the use of an assistive device in order to ambulate (thought the doctor indicated this was not a permanent restriction), and required a sit / stand option. Plaintiff furthermore had serious limitations maintaining her focus and concentration, would need unscheduled breaks, and would be off task roughly fifteen percent of the day. Dr. Conner further found that Plaintiff would likely be absent from work at least three days each month. (PageID.701.) The doctor concluded by stating that these limitations had been present since June 2012, and that Plaintiff "has been my patient since 2001. She has a strong work ethic but has struggled with health issues. When she was in the office [in September 2013] she told me that she'd lost 2 jobs in the previous 6 months due to attendance issues arising from back pain and other health concerns." (PageID.701.)

On January 29, 2015, Dr. Blandu Lewis, another one of Plaintiff's treating physicians, remarked that Plaintiff had been his patient for the last sixteen months. He found that her pain complaints were valid, and indicated he agreed with the opinions offered by Dr. Conner. He noted that Plaintiff was improving, but only very slowly. Plaintiff had experienced significant complications with her surgery which had delayed her healing. (PageID.820.)

The ALJ gave both opinions "limited weight." She noted that while Dr. Conner was a "treating source, the evaluation was completed only two months after claimant's back surgeries when she was still healing. Subsequent records show that she continued to improve after this date."

6

(PageID.114.) As for Dr. Lewis, the ALJ again acknowledged the doctor's status as a treating physician, but found that "the subsequent records show that she continued to improve after her surgery." (PageID.115.) Plaintiff claims the ALJ's analysis of these opinions is faulty. The Court agrees.

By way of background the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers,* 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any

7

subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to her assessment. *See, e.g.*, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir., Jan. 19, 2007).

Though the ALJ stated Plaintiff had improved after her surgery, the Court finds that on this record this conclusory remark, with no further discussion or reference to specific portions of the record, fails to amount to a good reason. In reviewing a treating physician's opinion "there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010). Though the Court acknowledges ALJs are not required to "spell out every fact a second time," the ALJ's explanation here falls short of explaining why these

8

opinions get the short end of the stick or how they might be inconsistent with the doctors' opinions. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Dr. Conner and Dr. Lewis' opinions. Because the Court finds the ALJ has failed to provide good reasons to assign less than controlling weight to the doctor's opinions, it is not necessary to address Plaintiff's remaining arguments regarding these opinions.

2.     **The ALJ's Evaluation of the Lay Opinion Evidence.**

In her second claim of error, Plaintiff argues the ALJ erred in failing to assign weight to the third-party statement of her mother, Paula Davidson. (PageID.241–248.)

Ms. Davidson's testimony is not evidence from an acceptable medical source. 20 C.F.R. § 404.1513(a). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See* SSR 06-3p, 2006 WL 2329939 at *1 (Aug. 9, 2006); *see also Hickox v. Comm'r of Soc. Sec.*, No. 1:09-cv-343, 2011 WL 6000829, at * 4 (W.D. Mich. Nov. 30, 2011). As Plaintiff's mother, Ms. Davidson is an "other source." The ALJ is required only to "consider" evidence from other sources. 2006 WL 2329939, at *2, 6. The ALJ noted that she had considered the entire record, including the opinion evidence and had evaluated such consistent with SSR 06-03p. (PageID.111.)

There is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547–48 (6th Cir. 2002). "An ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite

9

specific evidence does not indicate that it was not considered." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x. 485, 489 (6th Cir. 2005). "SSR 06-3p does not require that an ALJ discuss opinions supplied by 'other sources' or to explain the evidentiary weight assigned thereto." *Hickox v. Comm'r of Soc. Sec.*, No. 1:09-cv-343, 2010 WL 3385528, at *7 (W.D. Mich. Aug. 2, 2010), *report and recommendation adopted*, No. 1:09-CV-343, 2011 WL 6000829 (W.D. Mich. Nov. 30, 2011).

> SSR 06-3p is phrased in permissive rather than mandatory terms:
>
> In considering evidence from "non-medical sources" who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends and neighbors, *it would be appropriate* to consider such factors as the nature and extent to the relationship, whether the evidence is consistent with the other evidence, and any other factors that tends to support or refute the evidence.

2006 WL 2329939, at *6 (emphasis added). SSR 06-3p also uses the permissive term "should" in connection with the ALJ's explanation of the "consideration" given to "other source" opinions:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of the opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator should generally explain the weight given to the opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

2006 WL 2329939, at *6 (emphasis added); *see Vanportfliet v. Comm'r of Soc. Sec.*, No. 1:10-cv-578, 2012 WL 1345315, at *15 (W.D. Mich. Mar. 26, 2012); *see also Bernard v. Comm'r of Soc. Sec.*, No. 11-12951, 2012 WL 3639054, at *12 (E.D. Mich. July 25, 2012). The Court finds

no error in the ALJ's consideration of Ms. Davidson's statements

But even if the ALJ did commit an error, it was harmless on this administrative record. Harmless error analysis applies in this context. *See Johnson v. Comm'r of Soc. Sec.*, No. 13-cv-14797, 2015 WL 730094, at *37 (E.D. Mich. Feb. 19, 2015); *accord Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) ("No principle of administrative law or common sense requires [this Court] to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.") (quoting *Fisher v. Bowen*, 869 F.3d 1055, 1057 (7th Cir.1989)). Ms. Davidson's statements are largely duplicative of the function report and testimony given by Plaintiff, which was explicitly discussed and discounted by the ALJ. The ALJ's consideration of Plaintiff's testimony, therefore, adequately took Ms. Davidson's testimony into account. *See Johnson*, 2015 WL 730094 at * 37; *see also* SSR 06-03p, 2006 WL 2329939, at *6 (stating that an ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, *when such opinions may have an effect on the outcome of the case*") (emphasis added).

Accordingly, this claim of error is denied.

### 3. Remand is Appropriate.

Plaintiff asks for an award of benefits. (PageID.968.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter

11

requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644. This case is being remanded because the ALJ failed to provide good reasons for assigning less than controlling weight to the treating physician opinions, not because there is compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **VACATED** and the matter **REMANDED** for further factual findings including, but not necessarily limited to, further evaluation of Dr. Conner and Dr. Lewis' opinions, pursuant to sentence four of 42 U.S.C. § 405(g).

A separate judgment shall issue.


Date: May 25, 2017 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge